UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEACE,<br>　　　　Plaintiff,<br>　　v.<br>850 BRYANT STREET, et al.,<br>　　　　Defendants. | Case No. 19-cv-04691-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 1 |

Michael Peace, an inmate at the San Francisco County Jail, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Michael Peace alleges in his complaint that he slipped and fell in the shower on September 11, 2018 at the San Francisco County Jail. He attributes his fall to the "broken down flooded shower" that lacked grip tape on the floor, safety mats, and hand railings. Docket No. 1 at 3. Peace hurt his lower back and tailbone when he fell. He "let staff and medical know of [his] fall only to be put on medical list after list for a 2 month period"; he was only given a few Tylenol and a hot pack. *Id.* He still has pain in his back. The shower is "still broken" and not ADA-compliant. *Id.*

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims, and dismiss any claims which are

1    frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief
2    from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be
3    liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A.   Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim against a viable defendant and therefore must be dismissed. Leave to amend is granted so that Peace may attempt to file an amended complaint that cures the deficiencies discussed in this order.

Peace has not identified a proper defendant. The lone defendant is the Hall of Justice at 850 Bryant Street in San Francisco. That is a building and not a legal entity capable of being sued. Typically, a § 1983 claim will be brought against the individual wrongdoers, such as the persons who allegedly failed to provide adequate medical care for Peace. In his amended complaint, Peace may list as defendants those individuals he wishes to sue for violating his constitutional rights. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). There is no respondeat superior liability under § 1983, that is, there is no liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d

2

1040, 1045 (9th Cir. 1989).

In his amended complaint, Peace must state whether he was a convict or a pretrial detainee at the time the relevant events occurred because the claims arise under different constitutional provisions (i.e., a convict's medical care claims arise under the Eighth Amendment's Cruel and Unusual Punishments Clause while a pretrial detainee's medical care claims arise under the Fourteenth Amendment's Due Process Clause) and those provisions now have different standards.

Deliberate indifference to a convicted prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. The subjective deliberate indifference standard that applies in an Eighth Amendment claim requires that the official know of and disregard an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61. If Peace was a convict at the relevant time, he must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named defendant.

A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an *objective* deliberate-indifference standard rather than the subjective one that applies to a convicted prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). For the third element, the

defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (alteration in original) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071). If Peace was a pretrial detainee at the relevant time, he must allege facts in his amended complaint showing the existence of the elements identified in *Gordon*.

B.  The ADA Claim

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Peace alleges that the shower was not ADA-compliant but that fact alone is not enough to state a claim under the ADA. Most notably, he does not allege facts suggesting that he is an individual with a disability such that he would be a proper plaintiff to assert an ADA claim about the shower. Additionally, he has not identified a proper defendant for a claim under the ADA or

4

RA. The proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch. Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Leave to amend is granted so that Peace may attempt to allege a claim under the ADA and RA. Here, the proper defendant for a claim under the ADA and RA would be the San Francisco Sheriff's Department or the City and County of San Francisco as the entity that runs the jail in which the deficient shower was located. He also must allege facts showing a violation of his rights under the ADA and RA.

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **November 25, 2019,** and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: October 23, 2019

SUSAN ILLSTON
United States District Judge